UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN KRALJEVICH, Plaintiff, | * | |
| v. | * | Civil Action No. 22-cv-11430-ADB |
| COURSER ATHLETICS, INC., MICHAEL PETRY, GREGG SPIRO and LAURIE SPIRO, Defendants. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

John Kraljevich ("Plaintiff") initiated this action on November 5, 2021, alleging counts of vicarious and contributory copyright infringement and breach of implied contract against Michael Petry ("Petry") and Laurie Spiro (collectively, "Defendants").[1] [ECF No. 1 ("Compl.")]. Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [ECF No. 67].

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

[1] The complaint, which was originally filed in the United States District Court for the Southern District of New York and then transferred here, also named as defendants Courser Athletics, Inc. (the "Company") and Gregg Spiro and raised additional copyright and breach-of-contract claims, but only against the Company. See [Compl. ¶¶ 7, 9, 67–77, 91–96]. Based on the parties' representations that Plaintiff's claims against the Company and Gregg Spiro had been settled in principle, the Southern District of New York dismissed them as defendants on February 28, 2022. [ECF No. 37]. Because Plaintiff asserted Count I (Copyright Infringement) and Count IV (Breach of Contract) only against the Company, this Court understands that these claims have also been dismissed.

## I. BACKGROUND

The following relevant facts are alleged in Plaintiff's complaint and are taken as true for the purpose of resolving Defendants' motion. Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

### A. Factual Background

Plaintiff, a footwear designer, met Defendant Petry in 2005 while they worked together for a footwear brand. [Compl. ¶¶ 12–13]. In or around early 2018, Plaintiff and Petry decided to co-found their own footwear brand, named COURSER, with Plaintiff acting as Chief Creative Officer. [Id. ¶¶ 15–16, 18]. In this role, Plaintiff was responsible for designing the brand logo and the prototype shoes. [Id. ¶¶ 20–22, 27]. Plaintiff has two copyright registrations related to those designs. [Id.]. Plaintiff is the sole author of these designs, and neither of the Defendants made independently copyrightable contributions to the designs. [Id. ¶¶ 23–25]. Plaintiff was not an employee of Courser Athletics, Inc. (the "Company") when he created these designs. [Id. ¶ 30]. At the time, Plaintiff understood that he was a co-founder of the brand, with an ownership stake, although there was no written agreement that formalized that relationship. [Id. ¶¶ 26, 33–35]. This belief was informed, in part, by Petry's representations to various third parties, including potential manufacturers in Italy and potential investors, that Plaintiff was the designer of the new shoes, "Chief Creative Officer[,]" "Head of Design," "a co-founding 15% member of the brand" and a shareholder. [Id. ¶¶ 26, 34].

On or about July 29, 2019, having not received financial compensation for his designs, Plaintiff requested that the Company identify him as an employee with the understanding that it would not affect his ownership stake in the COURSER brand. [Compl. ¶¶ 36–38]. On July 29, 2019, Plaintiff entered into an employment agreement with the Company, effective August 1,

2019, which contained a provision that any copyrightable works Plaintiff designed as an employee would be considered a "work made for hire." [Id. ¶¶ 39–40]. The designs at issue were authored before August 1, 2019. [Id. ¶ 43].

In or about November or December 2019, as the Company was preparing for the production and launch of products based on Plaintiff's original designs, the Company stopped paying his salary and Defendants began to exclude him, effectively pushing him out of the business. [Compl. ¶¶ 45–48]. For example, Laurie Spiro started cutting him out of meetings. [Id. ¶ 47]. On July 8, 2020, Plaintiff sent Defendants a letter demanding they cease and desist from "exploiting [Plaintiff's] intellectual property absent . . . an appropriate license or assignment of his copyright" and demanding payment for work performed after the Company stopped paying him. [Id. ¶ 49]. The parties attempted to resolve this dispute through mediation in October 2020, but were unsuccessful. [Id. ¶¶ 50–51]. Plaintiff asserts that at some point in 2020, Defendants began to advertise and sell shoes that were "substantially similar" to Plaintiff's initial design. [Id. ¶¶ 52, 56].

**B. Procedural History**

Plaintiff filed his complaint on November 5, 2021, in the Southern District of New York. [ECF No. 1]. For present purposes, the complaint raised three counts against Petry and Laurie Spiro: vicarious copyright infringement (Count II), contributory copyright infringement (Count III), and implied contract claims (Count V).[2] [Id. ¶¶ 78–90, 97–100]. On February 28, 2022, Defendants filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(3), (5), and (6). [ECF No. 41]. On August 23, 2022, the presiding judge in the Southern

---

[2] As noted above, Counts I and IV, which Plaintiff raised solely against the Company, have been dismissed.

District of New York denied Defendants' motion to dismiss under Rule 12(b)(5), construed the motion to dismiss under Rule 12(b)(3) as a motion to transfer the matter to the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a), and did not reach the 12(b)(6) motion. [ECF No. 59].

On September 6, 2022, the case was transferred to the District of Massachusetts. [ECF No. 61]. Defendants filed a motion to dismiss under Rule 12(b)(6) in this Court on September 30, 2022. [ECF No. 67]. Plaintiff opposed the motion on October 14, 2022. [ECF No. 71]. In his opposition, Plaintiff requested leave to amend his complaint, in the event the Court found Plaintiff's complaint was insufficiently pled. [ECF No. 71]. Defendants replied on October 21, 2022. [ECF No. 74].

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable inferences from those facts in favor of the plaintiff. U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). Aside from the complaint, "a court may consider matters of public record and facts susceptible to judicial notice." U.S. ex rel. Winkelman v. CVS Caremark Corp., 827 F.3d 201, 208 (1st Cir. 2016).

A complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

When evaluating the sufficiency of a complaint, the Court "first must 'distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Cardigan Mountain Sch., 787 F.3d at 84 (quoting García–Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)) (further internal quotation marks and citation omitted). "Second, the court must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged." García–Catalán, 734 F.3d at 103 (internal quotation marks and citation omitted). In conducting this analysis, in addition to accepting all well-pleaded facts as true, the Court must analyze those facts in the light most favorable to the plaintiff's theory, drawing all reasonable inferences in favor of the plaintiff. U.S. ex rel. Hutcheson, 647 F.3d at 383.

## III. DISCUSSION

Plaintiff asserts that the instant motion is a procedurally improper, duplicative second motion to dismiss, [ECF No. 71 at 1], because Defendants previously filed a 12(b)(6) motion in the Southern District of New York, prior to the case's transfer to the District of Massachusetts, [id.]. In Plaintiff's view, because the earlier motion was denied, Defendants should have filed a responsive pleading within 14 days, rather than filing another motion to dismiss, and this procedural deficiency warrants denial of the motion. [Id.]. Contrary to Plaintiff's characterization, however, the presiding judge in the Southern District of New York did not deny the motion, but rather found that he "need not reach [Defendants'] Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim." [ECF No. 59 at 18]. Courts in this District have held that motions to dismiss that were not resolved before transfer are "in posture for

resolution." Stokes v. Saga Int'l Holidays, Ltd., 218 F.R.D. 6, 7 (D. Mass. 2003); see also U.S. ex rel. Ondis v. City of Woonsocket, 480 F. Supp. 2d. 434, 438 (D. Mass. 2007) (transferring case to the District of Rhode Island and declining to rule on the pending motion to dismiss, holding that it was appropriate for receiving judge to rule on the motion instead). As such, the Court finds that Defendants' motion to dismiss is not procedurally improper and will not deny it on this basis.

As to the adequacy of Plaintiff's complaint, Plaintiff asserts that Defendants are each vicariously and contributorily liable for the direct copyright infringement allegedly committed by the Company because they "played a significant role in the direct infringement," [Compl. ¶¶ 79, 87]; were each "a moving, active, conscious force behind [the Company's] infringement and directly participate[d] in and contribute[d] to the infringement of [Plaintiff's] copyright," [id. ¶ 83]; and each, "with direct knowledge of [the Company's] infringing activity, . . . substantially induced, caused, and materially contributed to [the Company's] infringing conduct[,]" [id. ¶ 88]. Plaintiff's implied contract claims similarly lack specifics related to each Defendant where Plaintiff alleges only that he continued to perform services for *the Company* after his last payment from *the Company*, and makes no specific allegations about how Defendants were unjustly enriched by his work. [Id. ¶¶ 97–99].

These allegations, which broadly cast liability on the part of all defendants, fail to attribute specific actions to Defendants Petry or Laurie Spiro. To survive a motion to dismiss, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004). Otherwise, the complaint impermissibly fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (quoting Conley v.

Gibson, 355 U.S. 41, 47 (1957)) (alteration in original), depriving Defendants of a "meaningful opportunity to mount a defense[,]" Díaz-Rivera v. Rivera-Rodríquez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In order to satisfy the minimal requirements of notice pleading, a plaintiff cannot 'lump' multiple defendants together and must 'state clearly which defendant or defendants committed each of the alleged wrongful acts.'" Canales v. Gatzunis, 979 F. Supp. 2d 164, 170 (D. Mass. 2013) (quoting Bagheri v. Galligan, 160 F. App'x 4, 5 (1st Cir. 2005)). As currently pled, the complaint fails to meet this bar.

Additionally, Plaintiff's complaint fails to sufficiently assert non-conclusory factual allegations against Defendants. Plaintiff's allegations rest on statements such as "[t]he Individual Defendants are secondarily liable for copyright infringement under federal common law because each has played a significant role in the direct infringement," [Compl. ¶ 79], and were "unjustly enriched by their exploitation of a product that is based upon [Plaintiff's] uncompensated work designing the shoe that is the foundation of Defendants' business," [id. ¶ 99]. In addition to lumping the two individual Defendants together, such allegations offer only "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement[,]'" which do not suffice to adequately allege a claim. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (alteration in original). On these grounds, too, the complaint falls short of the pleading standard.

The Court finds that Plaintiff has failed to make sufficient non-conclusory, specific allegations against Defendants, and therefore GRANTS Defendants' motion to dismiss the remaining claims. That said, because the Court finds that these deficiencies may be remedied in an amended pleading, the Court GRANTS Plaintiff leave to amend his complaint.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss, [ECF No. 67], is GRANTED. Plaintiff's complaint is dismissed without prejudice and with leave to amend his complaint within 30 days of this Order.

**SO ORDERED.**

May 9, 2023

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE